KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, New York 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

**SUMMONS ISSUED**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 29 2011 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DANIEL CEPEDA

    Plaintiff,

v.

251 REALTY LLC, MALEK MANAGEMENT CORP., ROBERT MALEK and DAVID MALEK

    Defendants.

---

CV 11- 1531

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

GLEESON, J.

LEVY, M.J

---

Plaintiff, DANIEL CEPEDA ("Plaintiff"), by and through his undersigned attorneys, hereby files this Complaint against Defendants, 251 REALTY LLC, MALEK MANAGEMENT CORP., ROBERT MALEK and DAVID MALEK (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendant: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendant: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, DANIEL CEPEDA, is a resident of Westchester County, New York.

6. Defendant, 251 REALTY LLC, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 1491 Coney Island Avenue, Brooklyn, NY 11230.

7. Defendant, MALEK MANAGEMENT CORP, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 1491 Coney Island Avenue, Brooklyn, NY 11230

8. Upon information and belief, Defendant, ROBERT MALEK, is a managing agent and principal of 251 REALTY LLC.

9. Upon information and belief, Defendant, ROBERT MALEK, is a managing agent and principal of MALEK MANAGEMENT CORP.

10. Upon information and belief, Defendant, DAVID MALEK is a managing agent and principal of 251 REALTY LLC.

11. Upon information and belief, Defendant, DAVID MALEK is managing agent and principal of MALEK MANAGEMENT CORP.

12. Plaintiff was employed by Defendants in Kings County, New York, from approximately March 2003 until on or about September 6, 2010.

13. At all relevant times, Defendant, 251 REALTY LLC, was an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, Defendant, MALEK MANAGEMENT CORP., was an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

16. In approximately March 2003, Plaintiff, DANIEL CEPEDA, was hired by Defendants to work as a building superintendent in a residential building operated by Defendants located at 251 Clifton Place, Brooklyn, NY 11216.

17. DANIEL CEPEDA worked at 251 Clifton Place until on or about September 6, 2010.

18. During the employment of Plaintiff by Defendants, he worked over forty (40) hours per week. Specifically, he averaged approximately eighty-four (84) hours per week.

19. DANIEL CEPEDA was not paid any wage or salary for his work for Defendants.

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs and other similarly situated employees.

21. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff.

22. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff.

23. Plaintiff retained Kraselnik & Lee, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Plaintiff realleges and reavers Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. At all relevant times, upon information and belief, Defendants were and continue to employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

26. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, Defendant, 251 REALTY LLC, had gross revenues in excess of $500,000.

28. Upon information and belief, at all relevant times, Defendant, MALEK MANAGEMENT CORP., had gross revenues in excess of $500,000.

29. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

30. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

31. Plaintiff worked hours for which he was not paid the statutory minimum wage.

32. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

33. Defendants failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

34. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

35. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff the minimum wages for hours worked when Defendant knew or should have known such was due.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

40. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

41. Plaintiff realleges and reavers Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

43. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

44. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

45. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked ten (10) or more hours.

46. Due to the Defendants' New York Labor Law violations Plaintiff is entitled to recover from Defendant their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law ;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 24, 2011

Respectfully submitted,

KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

By: _____
ROBERT KRASELNIK (RK 0684)